UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY TIBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No. 1:15-cv-01695-WTL-DKL |
| | ) |
| SUPERINTENDENT New Castle Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of Corey Tibbs for a writ of habeas corpus challenges a prison disciplinary proceeding conducted in August 2015 while Mr. Tibbs was incarcerated. The respondent has filed a motion to dismiss alleging that the deprivation of earned credit time that Mr. Tibbs wants restored was restored and, therefore, nothing this Court does could have any impact on the duration of his custody. Mr. Tibbs has not responded to the motion to dismiss and his time to do so has passed. For the reasons set forth below, the respondent's unopposed motion to dismiss [dkt. 9] is **granted** and this action is dismissed as moot.

Mr. Tibbs received a two-and-a-half year sentence for resisting law enforcement and operating while intoxicated. While serving his sentence, on August 19, 2015, Mr. Tibbs was subject to disciplinary proceeding NCF 15-08-0107, in which he was found guilty of refusal to submit to a breathalyzer test. His sanctions included the deprivation of 90 days earned credit time and the demotion from credit class I to II. He filed the instant petition for a writ of habeas corpus on October 26, 2015.

While the instant case was pending, the Indiana Department of Correction final reviewing authority, on January 12, 2016, vacated Mr. Tibbs's disciplinary conviction and sanctions and ordered them expunged from his record. He was therefore released on January 14, 2016, and his parole start date was established as November 17, 2015, which is the date on which Mr. Tibbs would have been released had he not been subject to the disciplinary sanctions at issue here.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Parole is a form of custody, and under Indiana law, "parole never lasts more than two years, or the end of the sentence, whichever comes first." *Id.* (citing Ind. Code § 35-50-6-1). There is thus a "link between good-time credits and release on parole." *Id.* If the loss of good-time credits extends the petitioner's release date such that it extends the date on which the petitioner's parole ends, then the habeas petition could affect the duration of the petitioner's custody and release to parole does not render a petition moot. *Id.* But if the loss of good-time credits does not extend the date on which parole ends, the petitioner's release from prison to parole renders the habeas petition moot. *Id.*

Here, Mr. Tibbs's conviction and sanctions were vacated and, more importantly, his parole start date was set at the date it would have been had he not been subject to the disciplinary sanctions at issue. Because of this, Mr. Tibbs's loss of good-time credits did not extend the date of his release from parole, and therefore his habeas petition cannot affect the duration of his custody, as the most the Court could do is conclude that Mr. Tibbs should have been released from prison sooner. Accordingly, Mr. Tibbs's habeas action is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 3/3/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

COREY TIBBS
931661
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel